IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                                 RESPONDENT

v.                                    No. 6:11-cr-60014
                                      No. 6:14-cv-6051

DAVID ALEX SMITH                                                                              MOVANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 46) filed herein by **DAVID ALEX SMITH**, (hereinafter referred to as "Smith").  Smith is currently incarcerated at United States Penitentiary in Tucson, Arizona.  The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.  A Response was directed by the Court and has been filed.  The Court has considered the entire record and, as set out below, recommends this Motion to Vacate, Set Aside, or Correct Sentence be **DENIED**.

1. **Procedural Background**:

On April 6, 2011, the federal grand jury in the Western District of Arkansas returned a 13-count Indictment against Smith.  ECF No. 1.  Counts 1-12 charged Smith with production of child pornography in violation of 18 U.S.C. §§ 2251(b) and (e). Count 13 charged Smith with commission of a felony against a minor under 18 U.S.C. § 2251 by a registered sex offender in violation of 18 U.S.C. § 2260A.

He was appointed counsel, Mr. Morse Gist, and entered pleas of not guilty to all counts.  On September 8, 2011, Smith, through counsel, filed a motion to suppress (ECF No. 16).  The United

States responded on September 19, 2011. ECF No. 17. A hearing was scheduled for September 22, 2011. On September 19, 2011, the suppression hearing was cancelled when the Court was notified Smith had entered into a written Plea Agreement with the United States. ECF No. 18.

On October 6, 2011, Smith appeared before United States District Judge Robert T. Dawson and pled guilty to Counts 1-12 of the Indictment, namely production of child pornography in violation of 18 U.S.C. §§ 2251(b) and (e). The Plea Agreement (ECF No. 19) provided in part as follows:

> -there was a maximum penalty of 50 years imprisonment per count, and a mandatory minimum penalty term of imprisonment of not less than 25 years, per count. ECF No. 19, ¶ 10.
>
> -Smith acknowledged no specific sentence had been promised in exchange for his guilty plea. ECF No. 19, ¶ 21.
>
> - Smith acknowledged no promises or threats had been made, other than those in the plea agreement, to induce him to plead guilty. ECF No. 19, ¶ 34(c).

Further, during the change of plea proceeding, Smith testified no one had made any assurances or promises of any kind to get him to execute the Plea Agreement, he understood the terms of the agreement were merely recommendations to the Court, and he understood the Court could impose a sentence more severe than either he or counsel thought he should receive. (ECF No. 43, pp. 4 – 5). Smith acknowledged he was aware of the maximum and mandatory minimum term of imprisonment, even affirming to the Court that he knew that he would have to serve no less or be sentenced to no less than 25 years imprisonment per count. (ECF No. 43, p. 6).

Judge Dawson ordered a pre-sentence report ("PSR"). The United States Probation Office prepared the PSR pursuant to the United States Sentencing Guidelines ("USSG"). The PSR found a combined adjusted total offense level of 45. Smith's prior criminal record resulted in a criminal

history category III.[1]  The PSR found a resulting advisory USSG range to be imprisonment for life. ECF No. 27, Amended PSR, ¶ 61.

On June 25, 2012, Smith appeared before Judge Dawson for Sentencing. ECF No. 24.  He was sentenced to 50 years imprisonment on each of the 12 counts of conviction, with each sentence to be served concurrently with the others and a lifetime term of supervised release.  ECF No. 28. Additionally a $3,000.00 fine was imposed along with a total of $1,200.00 in special assessments. ECF No. 28.  Count 13 was dismissed pursuant to the plea agreement.

On July 5, 2012, Smith filed his notice of appeal.  ECF No. 30.  Smith's court appointed counsel assisted him on appeal, and pursuant to *Anders v. California*, 386 U.S. 738 (1967), said counsel filed a brief arguing: (1)  the district court erred in calculating the Guidelines range; (2)  a downward variance was warranted based on Smith's age and the abuse he suffered as a child; (3) and the district court did not set out specific facts justifying the sentence imposed.  Because of the *Anders* brief, Smith asked for appointment of new counsel and filed a *pro se* brief raising the additional arguments: (1) his guilty plea was coerced and (2) the district court lacked subject matter jurisdiction.  On April 10, 2013, the United States Court of Appeals for the Eighth Circuit affirmed, holding as follows:

> Upon careful review of the prison sentence, we conclude that the court correctly calculated the Guidelines range, that the court sufficiently explained its sentence, and that the court committed no significant procedural error, properly considered and weighed appropriate sentencing factors, and did not impose a substantively unreasonable sentence.

---

[1] I note one of Smith's two prior felony convictions was for the crime of Carnal Abuse in the First Degree in Garland County, Arkansas.  The PSR indicates the charge was originally Rape and involved a 13 year old victim.  ECF No. 27 ¶ 45.  Trial Counsel was presumably aware of this prior conviction at time of the change of plea.

> As to Smith's pro se arguments, we conclude that the jurisdictional argument is meritless, and that his coerced-guilty-plea claim is not cognizable in this direct criminal appeal.
>
> Finally, having reviewed the record independently, we have found no nonfrivolous issue for appeal. Accordingly, we grant counsel's motion to withdraw, deny Smith's motion for appointment of counsel, and affirm the judgment of the district court.

*United States v. Smith*, 501 F. App'x 603, 604 (8th Cir. 2013)(citations omitted).

**2. Instant Petition**

Smith filed a timely Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 on April 2, 2014.[2] ECF No. 46. The Court directed a response, and the Government filed its Response on May 16, 2014. ECF No. 50. Smith thereafter filed, with leave of the Court, a Reply to the Government's Response. ECF No. 53.

In his Motion, Smith asserts his trial counsel was ineffective in the following particulars:

a. for allowing him to "plead guilty under the pretense he would receive no more than 25 years sentence";

b. for not objecting "to PSR error";

c. for not challenging a search warrant; and

d. for not forcing the Government to honor a 5K1.1 agreement.

The Government argues defense counsel was effective. Smith asks for an evidentiary hearing. ECF No. 53.

**3. Discussion**:

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for

---

[2] The Motion was received by the clerk of this Court on April 15, 2014. Smith signed the Motion on April 2, 2014, and I will presume it was placed in the prison mail service on that date, thereby being timely filed..

a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Here, Smith raises four (4) different claims of ineffective assistance of counsel. In order to prevail on an ineffective assistance of counsel claim, a movant must show: (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence"; and (2) "the deficient performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009)(quoting *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)). When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (quoting *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(citing *United States v Cronic*, 466 U.S. 648, 658 (1984)).

Under the first prong of the *Strickland* test, I must consider counsel's performance objectively and gauge whether it was reasonable "under prevailing professional norms" and "considering all the circumstances." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000)(citations omitted). The Court should examine counsel's challenged conduct at the time of his representation of the defendant and we avoid making judgments based on hindsight. *See id.* There is typically no basis for finding a denial of effective counsel unless a defendant can show specific errors that "undermined the reliability of the finding of guilt . . . " *White,* 314 F.3d at 678. If, however, "counsel completely fails to subject the prosecution's case to meaningful adversarial testing, there has been a denial of

Sixth Amendment rights making the adversary process presumptively unreliable [and no showing of prejudice is required]." *See id.*

If the Court finds deficient counsel and thus must consider the second prong, prejudice, a defendant must establish "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Prejudice can only be found if, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir. 1992). I will address each of Smith's claims.

**a. Counsel induced Smith to plead guilty by promise of lesser sentence**: Smith first claims his trial counsel induced him to plead guilty "by unknown lies" he would receive a lesser sentence and could not win at trial. Counsel also allegedly told Smith he would "probably go to a program" if convicted. ECF No. 47 pp. 5-6. He also makes a conclusory claim trial counsel did not fully investigate the case.

A guilty plea is valid if it is made voluntarily, knowingly, and intelligently. *See Brady v. United States*, 397 U.S. 742, 748 (1970) (guilty pleas must be voluntary; plea of guilty entered by one fully aware of consequences must stand unless induced by misrepresentation); *United States v. Lara*, 690 F.3d 1079, 1081 (8th Cir.2012) (plea agreements are essentially contracts between government and defendant); *United States v. Raifsnider*, 663 F.3d 1004, 1010 (8th Cir. 2011) (integration clause in plea agreement normally prevents the defendant from asserting the government made oral promises to him not contained in plea agreement itself). Further, once a guilty plea is reduced to writing, the terms of the plea agreement are clear and those terms supercede "any prior

understandings." *United States v. Gilkes*, 529 F. App'x 804, 805 (8th Cir. 2013). A guilty plea is valid if the record shows the defendant "understood the charges against him, was not dissatisfied with the services rendered by his attorney, and entered his plea knowingly and voluntarily." *United States v. McNeely*, 20 F.3d 886, 888 (8th Cir. 1994) (*per curiam*). A defendant's in-court statements that his plea is entered into knowingly and voluntarily are accorded a presumption of correctness. *See Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Once a person has entered a guilty plea, any "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74.

Smith signed a written plea agreement. ECF No. 19. That written agreement explained the nature of the 12 counts against him. ECF No. 19 ¶ 3. Smith acknowledged in the plea agreement he had discussed the facts of his case and the nature of the crimes charged with his counsel. ECF No. 19 ¶ 3. The plea agreement advised him of the maximum penalty of 50 years imprisonment per count and a mandatory minimum penalty term of imprisonment of not less than 25 years per count. ECF No. 19, ¶ 10. Smith acknowledged that no specific sentence had been promised in exchange for his guilty plea. ECF No. 19, ¶ 21. Finally, he agreed he was satisfied with his lawyer, had read every part of the plea agreement, and no promises had been made to him other than what was in the agreement. ECF No. 19 ¶ 34.

Smith also testified at the change of plea hearing regarding his understanding of the plea agreement and possible sentence. The following exchange occurred between Smith and the Court during the change of plea hearing:

>THE COURT: Is this your signature, sir, that appears on page 20?
>
>A Yes, sir.
>
>THE COURT: Does this Plea Agreement contain your full knowledge of what you've negotiated with the government?
>
>A Yes, sir.
>
>THE COURT: And do you understand the agreement?
>
>A Yes, sir.
>
>THE COURT: Has anyone, Mr. Smith, made any assurances or promises of any kind to you to get you to execute the agreement other than what's contained within this agreement itself?
>
>A No, sir.
>
>THE COURT: Do you understand, sir, the terms of this agreement are merely recommendations to this Court, and I can reject those recommendations without permitting you to withdraw your plea of guilty?
>
>A Yes, sir.
>
>**THE COURT: And do you know, sir, that I can impose a sentence that may be more severe than what either you or Mr. Gist think you ought to receive in this matter?**
>
>**A Yes, sir.**
>
>THE COURT: By entering a plea of guilty to Counts I through XXII, do you understand, sir, that you could be facing, as to each count, a maximum term of imprisonment of 50 years per count?
>
>A Yes, sir.

ECF No. 43, pp. 4-6.  He now claims trial counsel promised he would  "receive only 25 years max

at best" and further he would "probably not get any time at all" because of his assistance to the government in an unrelated criminal case. These assertions ask the Court to completely disregard the plea agreement he signed and Smith's own sworn testimony in response to questions from the Court at the change of plea hearing.

It is clear from the written representations in the plea agreement and from Smith's sworn testimony he was fully apprised of the charges against him and the possible sentence which could be imposed. Judge Dawson specifically inquired about the possibility the sentence imposed could be greater than what Smith or his trial counsel thought was appropriate. It is equally clear he understood the consequences of his guilty plea, and the entry of a plea of guilty was not the result of any threat or coercion.

Smith offers no evidence to demonstrate that "but for" counsel's alleged advice he would not have pled guilty and instead insisted on proceeding to trial. This self-serving statement, unsupported by specifics, is subject to summary dismissal. *See Blackledge*, 431 U.S. at 74. Smith's contentions in this regard, in light of the record discussed above, "are wholly incredible." *Id.* Accordingly, I find Smith has failed to demonstrate his trial counsel's representation fell below the "range of competence demanded of attorneys in criminal cases." *Strickland,* 466 U.S. at 688. Smith's claim should be denied.

**b. Counsel failed to properly object to the PSR**: Next, Smith claims his trial counsel failed to object to errors in the PSR "after it was told to him it was a error." ECF No. 47, p. 8. He wholly fails to point out what these alleged errors were. He also fails to indicate how any such errors would have changed the outcome of his sentencing. A review of the record shows trial counsel filed numerous objections to the PSR. ECF No. 22, Sentencing Memorandum. The Court sustained some

of the objections and overruled others. This claim is unsupported by any specific allegation and is contradicted by the actual record of the case. Smith's claim regarding trial counsel's alleged failure to object to the PSR is nonsensical and should be denied.

      **c. Counsel failed to properly challenge an illegal search**: Here, Smith alleges trial counsel failed to properly challenge a search warrant. Again, his allegation is conclusory and devoid of any specific factual allegation. Further, the allegation once again is directly contradicted by the record in this case. Trial counsel filed a Motion to Suppress the evidence seized by the search warrant at issue. ECF No. 16. In the Motion to Suppress, trial counsel specifically raised the issue Smith now says was not raised, namely, the search warrant was for methamphetamine and not for a gun or child pornography. The Motion to Suppress specifically raised this issue. ECF No. 16, p. 2-3. A hearing was scheduled for September 20, 2011 for the Motion to Suppress. The Court cancelled that hearing after the parties informed the court a plea agreement had been reached. Smith thereafter entered a plea of guilty on October 6, 2011. ECF No. 18. This claim has no basis in fact, as evidenced in the record of this case, and there is no indication whatsoever trial counsel's conduct was deficient in this regard. Smith's claim of failure to challenge an illegal search should be denied.

      **d. Counsel failed to force the Government to file a Motion for Downward Departure**: For his last claim, Smith asserts his trial counsel was ineffective for failing to force or persuade the Government to seek a downward departure at sentencing pursuant to USSG § 5K1.1. He claims he was entitled to a downward departure because of assistance he provided the Government in an unrelated murder investigation.

      The Plea Agreement, which Smith acknowledged he read and understood, addressed the filing of a Motion for Downward Departure. ECF No. 19, ¶ 26. Paragraph 26 provides:

> The government agrees to advise the probation office and the court of the extent and nature of the defendant's cooperation. The defendant's agreement to cooperate with the government is made pursuant o U.S.S.G  1 B 1.8(a)& (b). If the defendant provides full, complete, truthful, and substantial cooperation to the government, <u>the government reserves the right to make the decision on the nature and extent of the defendant's cooperation and agrees to consider moving for a downward departure under U.S.S.G § 5K1.1</u>, l8 U.S,C. § 3553(e) or Rule 35 of the Federal Rules of Criminal Procedure. Both parties acknowledge that the district court has the power to deny a motion for downward departure. <u>The defendant hereby agrees that the government does not promise, by the terms of this agreement to file a U. S. S. G. Section5 Kl.1,</u> l8 U.S.C. § 3553(e) or Rule 35 motion.

ECF No. 19, ¶ 26 (emphasis added). This provision vests sole discretion in the Government regarding a Motion for Downward Departure. Because the Plea Agreement gave such discretion to the Government any suggestion or argument by trial counsel to the contrary would have been pointless. Trial counsel is under no obligation to pursue a meritless argument. "[C]ounsel's failure to advance a meritless argument cannot constitute ineffective assistance." *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).

Further, a defendant arguing the government improperly withheld filing of a motion pursuant to § 5K1.1 must make a threshold showing the government had an improper motive in refusing to file such a motion. *See United States v. Pamperin*, 456 F.3d 822, 825 (8th Cir. 2006). This requires more than a showing the defendant provided substantial assistance to the government. *See id.* The Court must "presume a prosecutor has properly discharged her duties absent "clear evidence to the contrary." *See id., citing United States v. Armstrong*, 517 U.S. 456, 464 (1996). Even if the Plea Agreement did not vest sole discretion with the Government, Smith's allegations here fall far short of showing trial counsel's representation was deficient as he has wholly failed to even allege an improper motive on the part of the Government. This Claim should be denied.

**4. Evidentiary Hearing**:

Based on the record in this case, I also conclude an evidentiary hearing is not required in this matter. Smith is clearly not entitled to the relief he seeks.[3] Further, I find Smith has not made a substantial showing of the denial of a constitutional right, and any request for a certificate of appealability should be denied as well.

**5. Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant Motion to Vacate, Set Aside or Correct Sentence (ECF No. 46) be **DENIED** and dismissed. I also recommend any request of a certificate of appealability be **DENIED**.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **16th day of March 2015.**

        /s/ Barry A. Bryant
        HON. BARRY A. BRYANT
        U.S. MAGISTRATE JUDGE

---

[3] *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).